Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN THE MATTER OF THE SEARCH OF: | NO. MJ23-599 |
|---|---|
| Two USPS Priority Mail parcels (collectively the "SUBJECT PARCELS") | MOTION TO SEAL SEARCH WARRANT MATERIALS |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Brian Wynne, Assistant United States Attorney for said District, moves this Court for an Order sealing the Search Warrant, Application for Search Warrant, and the Affidavit of United States Postal Inspector Michael Fischlin, as well as this Motion and attendant Order.

The United States of America further respectfully requests that notwithstanding the requested sealing Order, the government retain the authority to produce the materials subject to this Court's sealing order as part of its discovery obligations in a criminal case.

Federal courts are empowered to seal documents in appropriate circumstances. *Cf.* Fed. R. Crim. P. 6(e)(4) (sealing of indictments). It is well-settled that federal courts have inherent authority to control papers filed with the court, *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003), including the power to seal affidavits filed with search warrants in appropriate circumstances. In *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989), the Court recognized that "information disclosed to the

MOTION TO SEAL SEARCH WARRANT AND RELATED MATERIALS
USAO 2023R01040 - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

magistrate in support of the warrant request is entitled to the same confidentiality accorded other aspects of the criminal investigation." *Id*. at 1214. This inherent power may appropriately be exercised when disclosure of the affidavit would disclose facts that would interfere with an ongoing criminal investigation. *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006) (noting that a sealed search warrant protects the "government's interest in maintaining [the] integrity of ongoing criminal investigations and ensuring the safety of the informant").

In support of this request, the government submits that the search warrant and related documents detail an ongoing investigation including but not limited to violations of Title 21, United States Code, Section 841(a)(1) (distribution and possession with intent to distribute controlled substances) and 843(b) (unlawful use of a communication facility, including USPS, to facilitate the distribution of controlled substances). This case investigation involves the sale and distribution of suspected controlled substances via the dark web.

In this case, the requested non-disclosure and sealing orders would be appropriate because the search warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. See 18 U.S.C. § 2705(b). Some of the evidence in this investigation may be stored electronically. If alerted to the existence of the warrant, the subjects under investigation could direct the destruction of that evidence, including information saved to their personal computers.

MOTION TO SEAL SEARCH WARRANT AND RELATED MATERIALS
USAO 2023R01040 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | |
| 2 | For the above reasons, the United States respectfully requests that the Court enter the attached order sealing the warrant application materials and other documents related thereto, including the motions and orders related to sealing and non-disclosure, until the earliest of the following:  (a) two weeks following the unsealing of any charging document in a matter for which the warrants were issued; (b) two weeks following the closure of the investigation for which the warrants were issued; or (c) one year following issuance of the warrant, unless the Court, upon motion of the government for good cause, orders an extension of the Order. |

DATED this 14th day of December, 2023.

        Respectfully submitted,

        TESSA M. GORMAN
        Acting United States Attorney

        *s/ Brian Wynne*
        BRIAN WYNNE
        Assistant United States Attorney

MOTION TO SEAL SEARCH WARRANT AND RELATED MATERIALS
USAO 2023R01040 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970